(No. 6623.   October 13, 1939.)

REUBEN F. COTTLE, Appellant, v. OREGON MUTUAL LIFE INSURANCE COMPANY, a Corporation, and HENRY C. SCHUPPEL, an Individual, Respondents.

[94 Pac. (2d) 1079.]

John A. Carver and Frank Griffin, for Appellant.

Richards & Haga, for Respondents.

AILSHIE, C. J.—Respondent Oregon Mutual Life Insurance Company is successor to the Oregon Life Insurance Company and was incorporated under the laws of Oregon. Respondent Schuppel had been the general agent of the company.

January 7, 1928, appellant entered into an agreement with the Oregon Life Insurance Co., whereby he was to canvass for applications for life insurance; the contract provided for payment of 5 per cent renewal commission on cash annual premiums on $50,000 or more of approved first-year business "for nine policy years after the first," subject to certain limitations and conditions; additional 5 per cent commission to be paid, should the "total annual paid-for production" amount to $100,000 and less than $150,000; and still another 5 per cent commission for annual production of $150,000 or more; the renewal commissions to "continue to be paid to second party, his executors or administrators, for the term of whole years" the contract was in force. The agreement is signed by "Henry C. Schuppel, Gen. Agent" of the company, and appellant. Between January 7, 1928, and September 16, 1929, appellant paid respondent company cash premiums on $50,000 or more of approved first-year business" and was entitled to renewal commissions of 5 per cent on same.

September 16, 1929, Schuppel as general agent of respondent and the appellant entered into an agreement containing, among others, the following paragraphs:

"The Agent, . . . . shall be paid renewal commissions amounting to five per cent (5%) of the renewal premiums for the second to tenth years inclusive. . . . .

"(b) If this contract terminates under two full years from its effective date no renewals will be paid after such termination.

"(c) In the event of the termination of the Agent's service with the Company, after this contract has been in force two or more full years, the Company shall have the right to deduct from renewal commissions hereunder a collection fee of one per cent (1%) of renewal premiums paid."

.    .    .    .    .    .    .    .    .    .    .    .    .

"This contract, which covers and includes all agreements, verbal and written, between parties hereto, shall take effect as of September 16, 1929, and supersedes and annuls any and all previous contracts and agreements between the parties hereto, excepting that all obligations to the General Agent or the Company, heretofore assumed by the Agent, still exist, and the Agent's right to commissions heretofore earned is not impaired

"Should this contract take the place of a previous contract, then, for the purpose of crediting renewal commissions, hereunder, its effective date shall be January 7, 1928."

January 23, 1930, appellant by letter to Schuppel tendered his resignation and advised respondent that he had decided to represent another insurance company. January 29th a second letter was sent to Schuppel by appellant, calling attention to appellant's conformity with paragraph 27 of the 1929 contract, regarding the 30 days written notice of termination; also advising that appellant expected "to represent Oregon Mutual Life 100% up to Febr. 23–1930." A third letter was mailed respondent by appellant from Ogden, Utah, undated. This was a request that a check for appellant's renewal commissions be mailed him.

Action was commenced by appellant June 22, 1937, demanding "judgment against the defendants jointly and severally in the amount of *$943.89 with legal · interest thereon,* and for his costs and disbursements herein incurred, and for such other and further relief as to the Court may appear just and proper." By respondent's answer it was alleged that the action was not brought within time and is barred under the provisions of sec. 5–216, I. C. A. The cause was tried to the court without a jury. The court found that the terms of the 1928 contract controlled and governed amount of commissions due appellant on policies written and issued *prior to September 16, 1929;* that the

*terms of the 1929 contract* governed and controlled amount of commissions due on policies written and issued on and subsequent to the latter date and did not apply to any policy written or issued *under the 1928 contract,* "excepting only for the purpose of computing renewal commissions on premiums paid on policies written and issued under said contract of September 16, 1929, and for *that purpose only its effective* date is January 7, 1928." The court found that appellant had been paid in full for all commissions earned by him and due under both contracts in accordance with the terms thereof. Judgment was entered in favor of respondents, from which this appeal is taken.

It would be of no benefit to anyone for us to review, discuss and weigh in this opinion the arguments of the respective counsel as advanced in their briefs and oral arguments. After all is said, the case must rest upon a construction of the two contracts which may and should be aided by the construction placed upon them by the parties during the times the commissions were accruing. Turning to exhibits admitted in evidence, we find more than a hundred canceled checks in payment of monthly commissions, accompanied by statements giving the numbers of the policies, the names of the insured, and the amount of commission, from which it appears that the commission was computed at 5 per cent on all policies written prior to September 16, 1929, and at 4 per cent on policies written subsequent to that date. The statement accompanying the check each month contained the following notation printed at the bottom thereof: "Please examine at once. If no error is reported within sixty days this statement will be considered approved by you." No objection or exception appears to have ever been made to any of these statements. This affords at least a very illuminating index to the interpretation each party placed upon the contracts at the times of these collections and remittances.

It is a well recognized rule that,

"In construing an indefinite or ambiguous contract, the interpretation placed on it by the parties thereto is to be considered by the court and should be given great weight in ascertaining their understanding of its terms."

*(Kelly v. Baisch,* 59 Ida. 789, 796, 87 Pac. (2d) 465; 12 Am. Jur. 787, Contracts, sec. 249; *Cook-Reynolds Co. v. Beyer,* 107 Mont. 1, 79 Pac. (2d) 658, at 665, citing 12 Am. Jur. 787; see, also, 4 Page on Contracts, sec. 2034.)

We conclude that the findings and conclusions of the trial court are supported by the evidence and that the judgment should be affirmed. It is so ordered with costs in favor of respondents.

Givens, Morgan and Holden, JJ., and Sutphen, D. J. (who sat in place of Budge, J.), concur.